UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHAYLA STURGIS**, individually and on behalf of others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**ALBERTSONS COMPANIES, INC.** and **SAFEWAY INC.**,<br><br>*Defendants.* | Civil Action No. __________<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>***Jury Trial Demanded*** |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff SHAYLA STURGIS ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, Brown, LLC, brings this Class and Collective Action Complaint against Defendants ALBERTSONS COMPANIES, INC. and SAFEWAY INC. (collectively, "Defendants"), and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this collective and class action to recover unpaid overtime compensation arising from Defendants' common policy and practice of misclassifying Safeway Assistant Store Managers as exempt from overtime and failing to pay them overtime compensation for hours worked in excess of forty (40) in a workweek.

2. Plaintiff brings her federal overtime claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), individually and on behalf of similarly situated Assistant Store Managers employed at Safeway stores within Defendants' Mid-Atlantic Division.

3. Plaintiff also brings Rule 23 class claims under the District of Columbia Minimum Wage Revision Act ("DCMWRA"), D.C. Code § 32-1001, *et seq.*, and the District of Columbia

Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301, *et seq.*, individually and on behalf of all other Assistant Store Managers employed at Safeway stores in the District of Columbia.

4. Despite her "Assistant Manager" title, Plaintiff's primary duty during her employment was to perform routine store-floor work that is performed by hourly employees of the store. Plaintiff spent most of her typical workday stocking shelves, breaking down pallets, operating cash registers, fulfilling pickup orders, cleaning, packaging bakery and deli items, and covering understaffed departments.

5. Plaintiff was paid on a salary basis and regularly worked more than forty (40) hours per week without receiving overtime compensation.

6. Other similarly situated Assistant Store Managers were/are likewise paid on a salary basis and regularly worked/work more than forty (40) hours per week without receiving overtime compensation.

7. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following FLSA Collective:

*All individuals employed by one or both Defendants at Safeway stores within Defendants' Mid-Atlantic Division as Assistant Store Managers who were/are paid on a salary basis and classified as exempt from overtime at any time during the three years preceding the commencement of this action through the date of judgment (the "FLSA Collective").*

8. Plaintiff brings her DCMWRA and DCWPCL claims pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and the following D.C. Class:

*All individuals employed by one or both Defendants at Safeway stores in the District of Columbia as Assistant Store Managers who were/are paid on a salary basis and classified*

*as exempt from overtime at any time during the three years preceding the commencement of this action through the date of judgment (the "D.C. Class").*

9. Plaintiff, on behalf of herself and all other similarly situated Assistant Store Managers, seeks unpaid overtime compensation, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, and all other available relief.

**JURISDICTION AND VENUE**

10. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because that claim arises under federal law.

11. This Court has supplemental jurisdiction over Plaintiff's District of Columbia claims pursuant to 28 U.S.C. § 1367 because those claims arise from the same employment relationship, compensation practices, and course of conduct as Plaintiff's FLSA claim and form part of the same case or controversy.

12. Defendants organize their Safeway brand retail operations through geographically based operating divisions and empower decision-making at the divisional level.

13. Defendant Safeway Inc. is registered with the Pennsylvania Department of State as an active foreign business corporation authorized to do business in Pennsylvania.

14. Defendant Albertsons Companies, Inc. is registered with the Pennsylvania Department of State as an active foreign business corporation authorized to do business in Pennsylvania.

15. Under 15 Pa.C.S. §§ 411 and 412 and 42 Pa.C.S. § 5301(a)(2)(i), Defendants' registration and qualification to conduct business in Pennsylvania constitutes consent to the exercise of general personal jurisdiction by courts in Pennsylvania. *See Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122 (2023).

16. Accordingly, this Court may exercise general personal jurisdiction over Defendants with respect to the claims asserted in this action.

17. Defendants are subject to specific personal jurisdiction in this District. Defendants' Mid-Atlantic Division headquarters is located at 75 Valley Stream Parkway, Malvern, Pennsylvania 19355, within this District.

18. The Mid-Atlantic Division was formed through the combination of Safeway's former Eastern Division and ACME Markets and includes the Safeway store in which Plaintiff worked.

19. Defendants manage, administer, and oversee regional operations and employment practices applicable to Assistant Store Managers within the Mid-Atlantic Division through the divisional structure headquartered in Malvern, Pennsylvania.

20. Those regional practices include staffing expectations, labor allocation, compensation practices, and operational requirements affecting Assistant Store Managers employed throughout the Mid-Atlantic Division.

21. Plaintiff's claims and the claims of members of the proposed FLSA Collective arise out of or relate to Defendants' Pennsylvania-based divisional operations and oversight. Accordingly, this Court may also exercise specific personal jurisdiction over Defendants with respect to those claims.

22. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), (b)(2), (c)(2), and (d) because Defendants are deemed to reside in this District for venue purposes and a substantial part of the acts and omissions giving rise to the challenged regional employment practices occurred in this District.

## PARTIES

***Defendants***

23. Defendant Albertsons Companies, Inc. ("Albertsons") is a Delaware corporation with its principal executive offices located at 250 Parkcenter Boulevard, Boise, Idaho 83706.

24. Albertsons is the parent-level public company of a national food and drug retail enterprise that operates stores under numerous banners, including Safeway.

25. Albertsons conducts its retail business through operating subsidiaries and geographically based operating divisions.

26. Defendant Safeway Inc. ("Safeway") is a Delaware corporation with a principal address at 11555 Dublin Canyon Road, Pleasanton, California 94588.

27. Safeway operates grocery stores in the District of Columbia under the Safeway name and directly employed Plaintiff. Plaintiff's wage statements identify Safeway Inc. as her employer and reflect her salaried, exempt classification.

28. Defendants' Mid-Atlantic Division is located at 75 Valley Stream Parkway, Malvern, Pennsylvania 19355, and encompasses Safeway operations within the region, including but not limited to the Washington, D.C. store where Plaintiff worked, Safeway stores in Maryland, Virginia, and Delaware, and other Washington, D.C. stores.

29. Assistant Store Manager positions at Safeway are publicly advertised under Albertsons Companies branding and are described as positions within the Albertsons Companies organization.

30. Plaintiff’s payroll was processed by Albertsons’ Associate Experience Center (AEC).

31. Plaintiff also communicated concerning payroll matters with human-resources personnel using an @albertsons.com email address.

32. Albertsons and Safeway jointly participate, directly and through their Mid-Atlantic divisional structure, in material aspects of the employment of Assistant Store Managers, including the structure of the position, compensation practices, job duties, exemption classification, staffing and labor expectations, operational standards, and employment administration.

33. At all relevant times, Safeway was Plaintiff's employer and Albertsons jointly employed Plaintiff within the meaning of the FLSA and applicable District of Columbia wage laws, or alternatively acted directly or indirectly in the interest of Safeway in relation to Plaintiff and the employment practices challenged herein.

***Plaintiff***

34. Plaintiff is a resident of Baltimore, Maryland.

35. Safeway employed Plaintiff as an Assistant Store Manager at Safeway Store 2808, located at 3830 Georgia Avenue NW, Washington, D.C., from on or about October 26, 2025 through August 4, 2026.

36. Plaintiff was also assigned on occasion to cover other Safeway stores in the Washington, D.C. area.

37. Plaintiff was paid an annual salary of approximately $71,500 per year.

38. Plaintiff regularly worked over forty (40) hours per workweek, which Defendants were aware of.

39. Throughout her employment, Defendants classified Plaintiff as exempt from overtime and did not pay her an overtime premium for hours worked over forty (40) in a workweek.

## FACTUAL ALLEGATIONS

40. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

41. At all relevant times, Defendants' retail operations have had an annual gross volume of sales made or business done of not less than $500,000.

42. Defendants operate retail grocery stores that sell goods and materials that have moved in interstate commerce.

43. Plaintiff, other Assistant Store Managers, and other store employees regularly handled, stocked, received, sold, and otherwise worked with goods and materials that had moved in or were produced for interstate commerce.

44. Defendants' retail operations constitute an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s).

45. At all relevant times, Defendants have been employers within the meaning of 29 U.S.C. § 203(d), and Assistant Store Managers have been employees within the meaning of 29 U.S.C. § 203(e).

46. Plaintiff's employment with Safeway ended on August 4, 2026.

47. At the time her employment ended, Defendants had not paid Plaintiff the overtime compensation alleged herein for hours worked in excess of forty (40) in a workweek.

**Defendants' Business and Operational Control**

48. Defendants operate numerous "Safeway" grocery stores through a geographically organized retail structure that includes Defendants' Mid-Atlantic Division.

49. Defendants' Mid-Atlantic Division provides the regional operating structure for Safeway and other retail banners within the Mid-Atlantic market.

50. Albertsons publicly states that its operating divisions are geographically based and that management reviews operating results and makes key operating decisions through its divisional structure.

51. Defendants use the Mid-Atlantic Division to coordinate and oversee regional store operations, resource allocation, labor expectations, and employment administration affecting Safeway stores within the Division.

52. Safeway employs Assistant Store Managers as part of its store staffing and organizational structure, which also includes Store Managers and hourly store employees.

53. Defendants maintain common job titles, compensation practices, exemption classifications, job expectations, and operational standards for Assistant Store Managers within the Mid-Atlantic Division.

54. Defendants possess and maintain records identifying Assistant Store Managers, their work locations, compensation amounts, employment dates, exemption classifications, job duties and schedules, and payroll information.

**<u>Classification, Supervision, and Compensation Practices</u>**

55. Defendants misclassified Plaintiff and other Assistant Store Managers within the Mid-Atlantic Division as salaried employees exempt from overtime.

56. Defendants classified Plaintiff and other Assistant Store Managers within the Mid-Atlantic Division as salaried employees exempt from overtime.

57. Defendants pay salaried Assistant Store Managers a fixed salary without an overtime premium when they work more than forty (40) hours in a workweek.

58. Plaintiff was told in substance that because she was salaried, she did not receive overtime compensation.

59. Plaintiff's wage statements consistently reported forty (40) hours even when she was scheduled for and worked more than forty (40) hours in a workweek.

60. Defendants maintain work schedules, payroll records, and other employment records for Assistant Store Managers.

61. Defendants did not accurately record all hours actually worked by Plaintiff and other Assistant Store Managers.

62. Defendants schedule Assistant Store Managers to work extended shifts and require and/or expect Assistant Store Managers to provide store-floor coverage when hourly staffing is insufficient.

63. Defendants establish labor budgets, staffing expectations, work requirements, and compensation practices that govern the work performed by Assistant Store Managers.

64. A public posting for Safeway's Assistant Store Manager position describes duties requiring sustained physical store-floor work, including walking throughout the store, stocking, and rotating product.

65. In reality, Plaintiff and all other similarly situated Assistant Store Managers' job duties do not meet any applicable exemption under the FLSA.

**Assistant Store Managers' Primary Duties and Store-Floor Work**

66. Plaintiff's typical workday began with a floor walk and attention to store conditions, pickup orders, cashier coverage, and employee callouts.

67. Throughout the remainder of her workday, Plaintiff performed routine store-floor work wherever labor was needed.

68. Plaintiff stocked merchandise, operated cash registers, fulfilled Drive Up & Go pickup orders, cleaned store areas, packaged bakery and deli items, and performed other routine customer-service and department work.

69. Plaintiff regularly broke down frozen-food pallets, separated frozen products by aisle, and stocked the frozen department because the store lacked sufficient employee coverage for that work from time to time.

70. Plaintiff spent the majority of a typical shift performing routine manual and store-floor "worker bee" duties just like other hourly employees did.

71. The work Plaintiff spent most of her time performing was substantially the same type of routine store-floor work performed by hourly store employees.

72. Plaintiff did not make any final personnel decisions.

73. Plaintiff did not have authority to hire employees.

74. The Store Manager retains final hiring authority.

75. The Store Manager was not required to follow Plaintiff's or other Assistant Store Managers' input or recommendations concerning applicants.

76. Plaintiff did not create employee schedules or have authority to approve schedule changes or employee vacation requests.

77. Department managers prepared schedules for their respective departments, and the Store Manager prepared the remaining store schedules.

78. Plaintiff did not possess authority to terminate employees.

79. The Store Manager retained final authority over discipline and termination.

80. Plaintiff's suggestions and recommendations concerning hiring, firing, discipline, advancement, promotion, or other changes in employee status were not given particular weight.

81. Plaintiff was required to elevate significant personnel decisions to the Store Manager, including when the Store Manager was not physically present at the store.

82. Plaintiff's title and actual job duties did not reflect final authority over hiring, firing, discipline, or other consequential personnel decisions.

83. Plaintiff’s primary duty was not the management of Defendants’ enterprise or of a customarily recognized department or subdivision thereof.

84. When Plaintiff was assigned to assist at other Safeway stores, she worked alongside Assistant Store Managers from multiple stores who likewise spent substantial portions of their shifts performing routine store-floor work, including stocking shelves.

**Overtime Practices and Workload Expectations**

85. Plaintiff regularly worked at least forty-five (45) hours per week.

86. Plaintiff regularly worked beyond her scheduled hours by remaining at the store and continuing to work after scheduled shifts and reporting to work on scheduled days off.

87. Plaintiff worked more than fifty (50) hours during multiple workweeks, including weeks in which she reported to work on scheduled days off and weeks in which Defendants scheduled her to work six days for inventory.

88. Plaintiff's Store Manager communicated with Plaintiff by text message and directed or requested that she report to work on scheduled days off, which she did on multiple occasions.

89. Defendants did not pay Plaintiff any overtime premium for hours worked in excess of forty (40) in a workweek.

90. Defendants apply the same overtime exempt classification and compensation policy and practice to all other Assistant Store Managers within the Mid-Atlantic Division, paying

them a fixed salary without an overtime premium when they work more than forty (40) hours in a workweek.

91. Plaintiff understood her salary to compensate her for a forty-hour workweek.

92. Defendants did not tell Plaintiff that her salary was intended to compensate her for all hours worked in a workweek, however many or few.

93. Plaintiff did not agree that her salary would compensate her for all hours worked in a workweek, however many or few.

**Plaintiff's Work Hours and Defendants' Knowledge**

94. Defendants create and maintain work schedules for Assistant Store Managers and therefore know the hours Assistant Store Managers are scheduled to work.

95. Defendants also know or are reasonably expected to know when Assistant Store Managers remain at work beyond scheduled shifts or are directed to report on scheduled days off.

96. For example, during the representative workweek of May 17 through May 23, 2026, Defendants' scheduling system scheduled Plaintiff for approximately forty-six (46) hours.

97. Plaintiff worked more than forty (40) hours during that workweek.

98. Defendants did not pay Plaintiff an overtime premium for the hours she worked in excess of forty (40) during that workweek.

99. Plaintiff's wage statements reported forty (40) hours even when Defendants' scheduling records reflected a workweek exceeding forty (40) hours.

100. Defendants have actual or constructive knowledge of Plaintiff's overtime work through their scheduling records, store-level supervision, communications directing additional work, and the work Plaintiff performed for their benefit.

**COLLECTIVE ACTION ALLEGATIONS**

101. Plaintiff brings Count I as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the FLSA Collective defined above.

102. Plaintiff is similarly situated to members of the FLSA Collective because they share the same or materially similar Assistant Store Manager position, salary-based compensation method, and exempt classification within Defendants' Mid-Atlantic divisional structure.

103. Defendants apply common job expectations and employment operating standards to salaried Assistant Store Managers at Safeway stores within the Mid-Atlantic Division.

104. The Assistant Store Manager position includes substantial store-floor and customer-service work associated with the daily operation and staffing of Safeway grocery stores.

105. Defendants pay Assistant Store Managers a fixed salary without an overtime premium for hours worked in excess of forty (40) in a workweek.

106. Defendants know or should know that Assistant Store Managers are regularly scheduled and do work more than forty (40) hours in a workweek.

107. The central factual and legal questions applicable to the FLSA Collective include whether Assistant Store Managers share the same or materially similar primary duties, whether Defendants properly classify them as exempt, whether Defendants know they work more than forty (40) hours a workweek, and whether Defendants owe overtime compensation under the FLSA.

108. Defendants' Mid-Atlantic Division operates approximately 111 Safeway stores. During Plaintiff's employment, Store 2808 employed between two and three Assistant Store Managers.

109. Other Safeway stores may employ one (1) to three (3) Assistant Store Managers depending on store size.

110. Based on the number of Safeway stores within the Division, the use of the Assistant Store Manager position, and employee turnover during the relevant period, Plaintiff estimates that the FLSA Collective includes hundreds of current and former Assistant Store Managers.

111. Defendants can easily identify the putative members of the FLSA Collective through their payroll, personnel, work schedule, job-code, classification, and location records maintained in the ordinary course of business.

112. Court-authorized notice is appropriate so that similarly situated Assistant Store Managers may receive notice of this action and make an informed decision whether to file written consents to join.

## CLASS ACTION ALLEGATIONS

113. Plaintiff brings Counts II and III on behalf of the D.C. Class pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3).

114. The D.C. Class is defined above by objective employment, job-title, compensation, exemption-classification, geographic, and temporal criteria.

115. Defendants currently operate approximately eleven (11) Safeway stores in the District of Columbia. During Plaintiff's employment, Store 2808 employed between two and three Assistant Store Managers. Other Safeway stores may employ one (1) to three (3) Assistant Store Managers depending on store size. Based on the number of Safeway stores in the District, the use of the Assistant Store Manager position, and employee turnover during the relevant period, Plaintiff estimates that the D.C. Class consists of several dozen current and former Assistant Store Managers. The precise number is readily ascertainable from Defendants' payroll and personnel records.

116. Joinder of all D.C. Class members is impracticable in light of the estimated size of the Class and the inclusion of both current and former employees.

117. There are questions of law and fact common to the D.C. Class, including whether Defendants misclassify Assistant Store Managers as exempt; whether Assistant Store Managers perform the same or materially similar primary duties; the extent of their hiring, firing, disciplinary, and decision-making authority; whether the Assistant Store Managers worked over forty (40) hours a week; whether Defendants paid an overtime premium for those overtime hours; and whether Defendants' misclassification and compensation practices at issue violate the DCMWRA and DCWPCL.

118. Plaintiff's DCMWRA and DCWPCL claims are typical of the claims of the D.C. Class because she and other putative Rule 23 class members held the same Assistant Store Manager position, were paid on a salary basis, were classified as exempt from overtime, worked at Safeway stores in the District of Columbia, performed substantially similar job duties, and were subject to the same overtime compensation policy and practice.

119. Plaintiff will fairly and adequately protect the interests of the D.C. Class. Plaintiff has no interests antagonistic to those of the D.C. Class and has retained counsel experienced in wage-and-hour and representative litigation.

120. Common questions predominate over individual questions because liability turns principally on Defendants' common exemption classification and compensation practices, the materially similar duties and authority associated with the Assistant Store Manager position, and Defendants' payroll, personnel, scheduling, and classification records.

121. A class action is superior to other available methods for fairly and efficiently adjudicating the D.C. Class members' claims because individual overtime claims may be too small

to justify separate actions, class treatment avoids duplicative litigation, and Defendants' records can be used to easily identify the Class and determine the wages owed.

122. Plaintiff knows of no unusual difficulty that would make management of this action as a Rule 23(b)(3) class impracticable.

**COUNT I**

*(Brought Individually and as a Collective Action)*

**Violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.***

**FAILURE TO PAY OVERTIME WAGES**

123. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

124. Defendants classified Plaintiff and members of the FLSA Collective as exempt from overtime and paid them a fixed salary without an overtime premium for hours worked in excess of forty (40) in a workweek.

125. Plaintiff and members of the FLSA Collective do not meet the requirements of an applicable overtime exemption under the FLSA.

126. Defendants required or permitted Plaintiff and members of the FLSA Collective to work more than forty (40) hours in a workweek without paying overtime compensation at the rate required by the FLSA.

127. Defendants' violations of the FLSA are willful because Defendants knew or showed reckless disregard for whether their classification and overtime compensation policies and practices complied with the FLSA.

128. Pursuant to 29 U.S.C. § 216(b), Plaintiff and members of the FLSA Collective who opt into this action are entitled to recover unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees and costs, and all other relief available under the FLSA.

**COUNT II**
*(Brought Individually and on Behalf of the D.C. Class)*
**Violations of the District of Columbia Minimum Wage Revision Act, D.C. Code § 32-1001, *et seq.***
**FAILURE TO PAY OVERTIME WAGES**

129. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

130. At all relevant times, Defendants were employers, and Plaintiff and members of the D.C. Class were employees, within the meaning of the DCMWRA.

131. The DCMWRA requires employers to pay nonexempt employees overtime compensation at one and one-half times their regular rate of pay for hours worked in excess of forty (40) in a workweek. *See* D.C. Code § 32-1003(c).

132. Defendants misclassified Plaintiff and members of the D.C. Class as exempt from overtime, although they do not meet the requirements of an applicable overtime exemption under the DCMWRA.

133. Defendants required Plaintiff and members of the D.C. Class to work longer than forty (40) hours for many workweeks without paying the overtime compensation required by District of Columbia law.

134. As a result of Defendants' violations, Plaintiff and members of the D.C. Class are entitled to recover unpaid overtime wages, liquidated damages equal to treble the amount of unpaid wages pursuant to D.C. Code §§ 32-1012(b)(1) and 32-1308(a)(1)(A)(ii), reasonable attorneys' fees and costs, interest, and all other relief available under District of Columbia law.

**COUNT III**

*(Brought Individually and on Behalf of the D.C. Class)*

**Violations of the District of Columbia Wage Payment and Collection Law, D.C. Code § 32-1301, *et seq.***

**FAILURE TO PAY ALL EARNED WAGES**

135. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

136. At all relevant times, Defendants were employers, and Plaintiff and members of the D.C. Class were employees, within the meaning of the DCWPCL. The overtime compensation owed to Plaintiff and members of the D.C. Class constitutes "wages" within the meaning of D.C. Code § 32-1301(3).

137. The DCWPCL requires employers to pay all wages earned, including overtime compensation, on regular paydays and, upon an employee's discharge or resignation, within the time periods prescribed by D.C. Code §§ 32-1302 and 32-1303.

138. By failing to pay Plaintiff and members of the D.C. Class overtime compensation owed for hours worked in excess of forty (40) in a workweek, Defendants failed to pay all wages earned when due, in violation of D.C. Code §§ 32-1302 and 32-1303.

139. As a result of Defendants' violations, Plaintiff and members of the D.C. Class are entitled to recover, pursuant to D.C. Code § 32-1308, their unpaid wages, liquidated damages equal to treble the amount of unpaid wages, statutory penalties, reasonable attorneys' fees and costs, interest, and all other legal and equitable relief available under District of Columbia law, without duplicative recovery.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and grant the following relief:

A. Certifying Count I as an FLSA collective action pursuant to 29 U.S.C. § 216(b) and authorizing notice to members of the FLSA Collective;

B. Certifying Counts II and III as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) on behalf of the D.C. Class;

C. Designating Plaintiff as representative of the FLSA Collective and the D.C. Class, and appointing undersigned counsel as counsel for the FLSA Collective and Class Counsel for the D.C. Class;

D. Ordering Defendants to disclose, in a reasonably usable electronic format, the names, last-known addresses, telephone numbers, email addresses, dates of employment, and work locations of members of the FLSA Collective for purposes of court-authorized notice;

E. Declaring that Defendants' classification and overtime compensation practices concerning the Assistant Store Managers alleged herein violate the FLSA, the DCMWRA, and the DCWPCL;

F. Finding that Defendants' violations of the FLSA were willful;

G. Awarding Plaintiff, members of the FLSA Collective who join this action, and members of the D.C. Class all unpaid overtime compensation due under applicable law;

H. Awarding liquidated damages under the FLSA and all liquidated damages equal to treble the amount of unpaid wages and other statutory relief available under District of Columbia law, without duplicative recovery;

I. Awarding pre-judgment and post-judgment interest to the extent permitted by law;

J. Awarding Plaintiff reasonable attorneys' fees and costs as provided by the FLSA and District of Columbia law; and

K. Awarding such other and further legal or equitable relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 25, 2026

Respectfully Submitted,

BROWN, LLC

By: */s/ Achchana Ranasinghe*

Achchana Ranasinghe (#337416)
Michael R. Rinderman (to seek *Pro Hac Vice* admission)
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
achchana.ranasinghe@jtblawgroup.com
michael.rinderman@jtblawgroup.com

*Counsel for Plaintiff*